IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENDRICK MONICE JONES                                      PLAINTIFF

VS.                                                  CIVIL ACTION NO. 3:18cv729-FKB

NURSE DAPHNE BARR, et al.                              DEFENDANTS

**OMNIBUS ORDER**

      This is an action pursuant to 42 U.S.C. § 1983 brought by Kendrick Monice Jones, a pretrial detainee at the Lauderdale County Detention Center. A *Spears* hearing was held on August 21, 2019, and the parties have consented to jurisdiction by the undersigned. Plaintiff has been granted *in forma pauperis* status, and thus his claims are subject to the provisions of 28 U.S.C. §§ 1915 and 1915(A). Having considered Plaintiff's testimony at the hearing, and having conferred with counsel for Defendants, the Court finds and orders as follows.

      Many of the claims originally asserted by Jones were previously dismissed by the district judge's order of February 27, 2019. [23]. Remaining are a claim for unlawful detention, a claim for denial of adequate medical treatment, and conditions claims regarding clothing and access to drinking water. The Court finds that all claims other than the claim for unlawful detention should be dismissed for failure to state a claim.

      Plaintiff's first medical claim concerns treatment for a rash. On October 10, 2018, he sought treatment for a painful rash on numerous places on his body. According to Plaintiff, the rash was the result of some sort of unseen insect or parasite crawling on him. When he informed Nurse Daphne Barr of his problem, she offered to provide him with medication. Plaintiff refused the medication, however, because he

believed he needed a blood test prior to any attempts at treatment. Jones also alleges that he was denied a test for HIV after he was exposed to blood from an infected inmate. However, Jones admitted at the hearing that the test was eventually performed. He has alleged no physical harm as a result of the delay in testing.

A pretrial detainee has a due process right to receive reasonable medical care. *See Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). The right is equivalent to the Eight Amendment right enjoyed by prisoners. *Id.* Thus, a pretrial detainee seeking to recover for a denial of reasonable medical care must allege deliberate indifference to serious medical needs. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish deliberate indifference, a plaintiff must show that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 725, 756 (5th Cir. 2001). Plaintiff's complaint regarding treatment of his rash amounts no more than a disagreement with medical personnel as to the proper treatment. Such disagreement does not constitute deliberate indifference. As to his allegation regarding a delay in testing, that claim fails because he has not shown any serious medical need that went unmet because of the delay. Accordingly, Plaintiff's medical claims are hereby dismissed.

Plaintiff also complains regarding other conditions at the jail. According to Plaintiff, he was issued only one pair of underwear for his first week at the jail, after which he was issued an additional pair. He also complains that clothes are not

2

laundered properly at the jail and often have an odor. Jones also complains that he has gone for months without water in his cell. However, when questioned at the hearing, it became clear that he is housed in a cell having a sink, toilet, and shower, and that only the water at the sink does not work. Thus, while Plaintiff may not have always had the convenience of water at his sink, he does have access to fresh water from the shower.

Pretrial detainees have a due process right not to be subjected to jail conditions that constitute punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). "Punishment" is "usually the manifestation of an explicit policy or restriction." *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 453 (5th Cir. 2009). However, it can also be manifested by a *de facto* policy if a pattern of conduct or condition is sufficiently extended or pervasive such that intent to punish may be presumed. *Id.* at 452. Proving the existence of a *de facto* policy "is a heavy burden." *Id.* Furthermore, the punishment is impermissible only if it bears no reasonable relationship to a legitimate governmental interest and if it causes a violation of a detainee's constitutional rights. *Duvall v. Dallas Cnty.*, 631 F.3d 203, 207 (5th Cir. 2011). A constitutional violation occurs when the complained of condition results in "serious deficiencies" in providing for the detainee's "basic human needs." *Shepherd*, 591 F.3d at 454. In the present case, Plaintiff's complaints about clothing and laundry describe situations that may be or may have been unpleasant. However, they have not resulted in serious deficiencies in providing for Plaintiff's basic needs. His complaints regarding drinking water likewise fail, as it was clear from his testimony that water is available from the shower in his cell. For these reasons, these claims are dismissed.

This matter will go forward solely on Plaintiff's claims of unlawful detention. At the hearing, Plaintiff identified Sheriff Sollie as the only defendant against whom this claim is asserted. Accordingly, all other claims and defendants are hereby dismissed.

This matter is set for a bench trial on Wednesday, April 29, 2020, at 9:00 a.m. . Any dispositive motions shall be filed by January 31, 2020.        .             .

At the hearing, the medical defendants produced to Plaintiff a copy of his medical file. No further discovery shall be conducted without leave of court.

So ordered, this the    day of August, 2018.

/s/
United States Magistrate Judge